BLANCHE, Judge.
Plaintiffs-appellants, Laveta Price and Oleta Goodman, are appealing the trial court judgment which preliminarily enjoined the defendant-appellee, J. Kelly Nix, Superintendent, Louisiana State Department of Education, to withhold all funds from the Franklin Parish School Board for the position of testing coordinator under Title I, ESEA Program, until the election of a certified applicant. (This program was created under the act popularly known as the federal “Elementary and Secondary Education Act” of 1965.)
In their petition the plaintiffs prayed that a writ of mandamus be issued compelling the defendants to withhold all State funds allocated to the Franklin Parish School Board until such time as all and every unqualified, uncertified individual employed in a supervisory position was replaced by qualified, certified personnel.
When the position of testing coordinator became vacant in the Franklin Parish schools, six people, including the two plaintiffs, made application. Four of the six applicants, including the plaintiffs, met the standards for the position. Two of the applicants did not meet the standards, but one *1030 of these was appointed to the position. Following the appointment of the non-qualified applicant, the plaintiffs brought this suit.
The parties are in substantial agreement that the Franklin Parish School Board hired a testing coordinator who had not met the State criteria of a supervisor. This was contrary to Louisiana Standards for State Certification of School Personnel as provided in Department of Education Bulletin No. 746 and thereby created an identified deficiency. The testing coordinator serves several schools within the Franklin Parish school system, according to testimony in the record, and is not specifically identified with a particular school within the parish school system. Furthermore, it was shown that the funds provided for the position of testing coordinator under the ESEA program were federal funds.
Although the trial court, in our opinion, wrongfully enjoined the defendants from disbursing funds to the Franklin Parish School Board for the one position in question, defendants still insist before this Court that the proper remedy is to withhold funds from the entire parish school system.
LSA-R.S. 17:10(D) and (E)[1] provide that “all state funds to which the school otherwise would be entitled under the law will be withheld” (emphasis supplied) until certain procedures have been followed when the school boards fail to correct their identified deficiencies.
A cursory reading of the statutes relied upon by plaintiffs reveals that they are applicable solely to a school which does not meet or maintain the minimum educational standards fixed by the Louisiana State Board of Elementary and Secondary Education. Furthermore, the sanction pro *1031 vided therein for withholding such funds could not be invoked against a school until the due process requirements provided for in the statute had been complied with. Nowhere in the law relied upon by plaintiffs does the Superintendent of Education or the Louisiana State Board of Elementary and Secondary Education have the authority to withhold state (and certainly not federal) funds due local school boards, nor are the statutes applicable to a supervisory employee in a school system. The judgment of the trial court must be reversed.
For the above reasons, the judgment of the trial court is reversed, and judgment is rendered herein dismissing plaintiffs’ suit at their costs.
REVERSED AND RENDERED.

. LSA-R.S. 17:10(D) and (E) provide:
“D. Whenever the State Department of Education determines that a school has failed to meet the minimum standards fixed by the board for initial approval or has failed to maintain such standards on a continuing basis, the department shall so inform the Louisiana State Board of Elementary and Secondary Education and the local school board in the case of a public elementary or secondary school, or administrative head of the school in the case of any other school, in writing, setting forth specific details as to the particular standard or standards which are deficient, the action necessary for compliance therewith, and the time within which action must be taken to bring the school to minimum standards. Opportunity for a hearing within thirty days after the date on which such notification is given shall be afforded. After the hearing the department shall take action to modify or reaffirm its previous determination. If the school is aggrieved by the determination then made, the school shall have a right of appeal to the district court having jurisdiction; however, any such action shall be filed within thirty days after the date on which the department notifies the school board or administrative head, as the case may be, of its determination following the hearing. If no hearing is requested, or if an appeal to the courts is taken and the court upholds the determination of the department, such action as the department has directed shall be taken within the time set forth in the determination. The department may grant one or more extensions of time within which deficiencies must be corrected.
“E. Upon a determination by the State Department of Education that the identified deficiencies have been corrected, the school shall be approved or its previous approval reinstated as the case may be. If the deficiencies are not corrected to the extent necessary to meet the minimum standards within the time fixed by the department, the school shall not be approved or, if previously approved, that approval shall be withdrawn, the school shall be placed on probation, and the school board, or head of the vocational-technical school or special school shall be notified in writing that the school has been placed on probation and that all state funds to which the school otherwise would be entitled under the law will be withheld unless the stated deficiencies are corrected within a stated period then fixed by the department. If such corrections are not made within the time so fixed, the department shall disapprove the school and and the board shall withhold such state funds for that school until the corrections are made and the department determines that the minimum standards have been met. When state funds are so withheld, the board shall, in writing, notify the governor, the state treasurer, and the legislature of that fact and the reasons therefor. Upon a subsequent compliance with the .necessities to meet the minimum standards, the school shall be approved or its approval reinstated, and the state funds to which the school thereafter is entitled shall be paid over to the school board or to the administrative head of the vocational-technical or special school.
Acts 1975, No. 274, § 1. Amended by Acts 1976, No. 455, § I.”